IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00328-RJC-SCR

| | |
|---|---|
| TERRY CREECH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE AREA TRANSIT )<br>SYSTEM, INC., et. al., )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Remand" (Doc. No. 5) filed July 3, 2023, Defendants' "Motion to Dismiss" (Doc. No. 7) filed August 2, 2023, and Plaintiff's "[Unopposed] Motion for Leave to Amend Complaint" (Doc. No. 13) filed on January 31, 2024.[1]

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within 21 days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[1] By Text-Only Order entered January 5, 2024, the Court granted Plaintiff leave to file a Motion to Amend his Complaint. Per that Order, any response to the Motion to Amend was due February 12, 2024. No response has been filed. The Court notes that this is Plaintiff's first request to amend following removal to this Court. The Court also cautions Plaintiff's counsel that any submissions concerning perfecting service must be submitted in verified form or as an affidavit, rather than in the body of a brief. (Doc. No. 8 at 1).

"A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rts. Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir.2006)(en banc)).

Plaintiff has never amended previously nor sought leave to amend. He states that the purpose of the amendment is to clarify that he seeks to proceed on a state law claim only. (Doc. No. 13 at 1.). For those reasons as well as the other reasons stated therein, his "Motion to Amend the Complaint" (Doc. No. 35) is granted. The Court makes no determination as to the merits of any of Plaintiff's claims and all objections and defenses raised by Defendants in their initial Motion are preserved.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); Young v. City of Mount Ranier, 238 F.3d 567, 572-73 (4th Cir. 2001).

Where a motion to amend is allowed, and the purpose of amendment is to remove any basis for federal jurisdiction, an earlier-filed motion to remand is also properly denied as moot. See, e.g., Scaffidi v. Hammonton Bd. of Educ., No. CV 20-8534, 2020 WL 7706848, at *2 (D.N.J. Dec. 28, 2020). Although this administrative denial will be without prejudice to Plaintiff renewing his Motion to Remand after he files his Amended Complaint, in his present Complaint he has clearly alleged that "in very close proximity to" his termination, he had "exercised his right to care for his parents" under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and had returned once he was "told he was no longer eligible for leave under FMLA because one of his

parents had died." (Doc. No. 1-2 at ¶¶ 42-44). Plaintiff also states in his Complaint that he "is protected against discrimination on the basis of his age and race," without describing any specific violations of such protections. Id. ¶ 41.

In the event Plaintiff removes all federal issues from his Amended Complaint, the Court may consider whether to retain supplemental jurisdiction of any remaining state law claims. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) ("we conclude that under the authority of 28 U.S.C. § 1367(c)…a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met."); see also Morris v. Joe Gibson Auto., Inc., No. CA 7:08-1739-HMH, 2008 WL 2705000, at *3 (D.S.C. July 9, 2008) (applying §1367(c), "[b]ecause granting the Plaintiff's motion to amend the complaint removes the sole federal claim and basis for original jurisdiction, the court finds that remand of the instant case is warranted) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's "Motion to Amend the Complaint" (Doc. No. 35) is **GRANTED**. Plaintiff shall file an Amended Complaint within 21 days of this Order.

2. Plaintiff's "Motion to Remand" (Doc. No. 5) and Defendants' "Motion to Dismiss" (Doc. No. 7) are administratively **DENIED** as moot without prejudice.

3. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

Signed: February 13, 2024

**SO ORDERED**.

_____
Susan C. Rodriguez
United States Magistrate Judge