IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:23-cv-328 RJC-SCR

TERRY CREECH,

*Plaintiff*

v.

CHARLOTTE AREA TRANSIT SYSTEM, CITY OF CHARLOTTE,

*Defendants* .

**Plaintiff's Amended Complaint By leave of Court**

Plaintiff Terry Creech, by and through counsel, brings this action against Charlotte Area Transit System (CATS) and City of Charlotte (collectively, "Defendants"), and alleges as follows:

PARTIES

1. Plaintiff Terry Creech is an individual and resident of Mecklenburg County, North Carolina.
2. Defendant Charlotte Area Transit System (CATS) is a public transportation system operated by the City of Charlotte, North Carolina.
3. Defendant City of Charlotte is a municipal corporation organized and existing under the laws of the State of North Carolina.

JURISDICTION AND VENUE

4. Plaintiff is only seeking remedies under North Carolina Law.

**Facts**

1. Mr. Creech was employed with the city of Charlotte in 2009.
2. In 2019 Mr. Creech joined the Charlotte Area Transit System as a Rail Controller
3. That at all relevant times concerning this action CATS has been entrusted by the public to operate safe and competent transit lines.
4. CATS is subject to the laws of North Carolina, CATS Administrative Rules and Rail Controller Expectations Rulebook

5. The Rail Operations Control Center (ROCC) is a division within CATS organization.
6. Mr. Creech was employed to work in ROCC
7. ROCC has enumerated public policy for safe accountability to the public in the Rail Controller Expectations
8. That at all relevant times CATS was actively concealing public information relating to budget, equipment, and personnel
9. The job of rail controller is a high stress job and because of its dynamic nature requires stress management efforts by employers
10. CATS failed to manage stressful working conditions and contributed to a stressful work environment
11. CATS further exacerbated its already stressful work environment by allowing a verbally abusive General Manager to harass employees
12. Mr. Creech attempted to raise concern about his stressful work environment and his abusive General Manager
13. Mr. Creech performed numerous work shifts as the SOLE controller in the ROCC
14. As a sole controller, Mr. Creech was tasked with monitoring two city rail lines, both security feeds, and multiple storage yards
15. As SOLE controller, Mr. Creech would often be unable to access his supervisors or anyone else for assistance.
16, The general public has a safety interest in the responsible execution of ROCC operations as rail lines through urban areas have a high probability of extensive damage.
17. As a matter of public policy, CATS rules expressly prohibit" falsifying any report, log, or record"
18. Public safety is directly linked to transparent and factual reporting by all CATS employees
19. The workplaces environment where Mr. Creech was employed was stressful and recklessly unsafe to the general public.
20. Mr. Creech was terminated unlawfully.
21. In May of 2022 General Manager and other conspirators carried out a fraudulent termination of Mr. Creech
22. All derailments are to be reported as a matter of public safety
23. In May of 2022, Mr. Creech reported a train derailment and followed protocol to redirect traffic and close the derailed line for inspection:
24. Mr. Creech was in fact working as the sole controller that night
25. Mr. Creech attempted to contact his supervisors but was unsuccessful for over an hour after the derailment occurred
26. General Manager and other conspirators, concealed evidence of the derailment
27. CATS was at this time actively concealing public information and altering public records
28. In concealing this cover-up, general manager and other conspirators, referenced the derailment in question while terminating Mr. Creech but concealed further information from official records.
29. Mr. Creech was following public policy by reporting the derailment in relation to a legitimate public safety interest.

30. In direct violation of public policy, and CATS rules general manager and other conspirators falsified information.
31. In furtherance of this falsification of public records, general manager and other conspirators fraudulently accused Mr. Creech of Two safety violations in dealing with the derailment, while mischaracterizing to the general public that the in fact derailment was merely a "system error"
32. Company alleged that Mr. Creech committed a "safety error" because an operator did not wait for his proper clearance.
33. Company alleged that he errored in making a decision to divert traffic from the concealed derailment in question.
34. CATS CEO later admitted that no safety violations occurred
35. While concealing the facts of the derailment, CATS terminated Mr. Creech in a hostile manner and discredited him from any future employment with the city.
36. Mr. Creech was wrongfully discharged while carrying out a duty essential for public safety
37. Mr. Creech's employers were retaliating to the fact that Mr. Creech had properly reported notice of derailment per his obligations to CATS and the public
38. In retaliation, Mr. Creech was unlawfully terminated.

CLAIMS FOR RELIEF:

North Carolina Wrongful Termination in violation of Public Policy

[Plaintiff incorporates by reference all facts alleged above]

43. Mr. Creech was harassed constantly and belittled while working.
44. Mr. Creech notified his superiors multiple times of this behavior

Intentional Interference with a contract

Breach of Contract

[Plaintiff incorporates by reference all facts alleged above]
PUNITIVE DAMAGES
[Plaintiff incorporates by reference all facts alleged above]

Defendant's conduct, as alleged hereinabove, and to the extent the evidence may show, was committed deliberately, intentionally, purposefully, maliciously, and otherwise in a willful and wanton fashion, in violation of N.C. Gen. Stat SID-I et seq., and as such, Plaintiffs are entitled to punitive damages in such an amount as is deemed sufficient to punish and deter the Defendant and others from engaging in such further conduct. Wherefore the Plaintiff, P, prays the Court for the following relief:
1. That the Plaintiff, P, have and recover judgment against the Defendant, D, for compensatory damages in an amount over Ten Thousand Dollars ($10,000).

2. That Plaintiff be awarded any increased or treble damages or exemplary or punitive damages allowed by law;

3. That the cost of this action be taxed against the Defendant, D, including prejudgment interest pursuant to the North Carolina General Statutes Section 6 - 21;

4. That the Plaintiff be granted reasonable attorney's fees pursuant to North Carolina General Statutes Section 6 — 21;

5. That all issues triable by jury be so tried; and

6. For such other and further relief as the Court may deem just and proper.

This is the 2nd Day of March 2024

Jonathan H. Metcalf Esq.<br>
Attorney for Plaintiff<br>
NC State Bar: 45482<br>
5309 Monroe Rd Suite 112<br>
Charlotte NC 28205<br>
metcalflawschedule@gmail.com