# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:23-cv-328-RJC-SCR

| | |
|---|---|
| TERRY CREECH,<br><br>    *Plaintiff*<br><br>v.<br><br>CHARLOTTE AREA TRANSIT SYSTEM, CITY OF CHARLOTTE,<br><br>    *Defendants*. | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND** |

In deciding Plaintiff's second motion to remand, the Court is presented with two straightforward jurisdictional issues:

- **Personal jurisdiction.** Where a district court is presented with a straightforward question of personal jurisdiction, the court is correct to decide that issue first rather than considering a more complicated question of subject matter jurisdiction. Here, Plaintiff never obtained personal jurisdiction over Defendants. Thus, the Court can dismiss Plaintiff's lawsuit for lack of personal jurisdiction and need not reach the more complicated issue of whether to retain supplemental jurisdiction now that Plaintiff has attempted to remove his federal claims.

- **Supplemental jurisdiction**. District courts have wide discretion to retain jurisdiction over state law claims even after federal claims drop away. In 28 U.S.C. § 1367(c), Congress outlines four instances where a federal district court may decline exercising supplemental jurisdiction. Because Plaintiff cannot show the existence of any of these circumstances, the Court should retain supplemental jurisdiction over Plaintiff's purported state law claim rather than remanding the case.

## ARGUMENT

**I.    Plaintiff's failure to obtain personal jurisdiction over Defendants is a straightforward issue requiring dismissal.**

Although courts must generally decide a jurisdictional issue before deciding the merits of a case, "a federal court has leeway 'to choose among threshold grounds for denying audience to a

case on the merits.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). Where a defendant presents a district court with "a straightforward personal jurisdiction issue," the court is right to dismiss the case for lack of personal jurisdiction—even if there remains a question as to the court's subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588, (1999) (reversing Fifth Circuit and holding that district court did not abuse its discretion by dismissing case for lack of personal jurisdiction). The priority of personal jurisdiction issues is especially important where "the alleged defect in subject-matter jurisdiction raises a difficult and novel question." *Ruhrgas* AG, 526 U.S. at 588 (a district court is right to first decide the straightforward question of personal jurisdiction; *see also E. Coast Repair & Fabrication, LLC v. United States through Dep't of Navy*, 16 F.4th 87, 90 (4th Cir. 2021) (bypassing "difficult jurisdictional questions" and affirming dismissal based on res judicata).

It is the plaintiff who "bears the burden of demonstrating personal jurisdiction at every stage." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir.2016) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "[C]ourts may not exercise personal jurisdiction over a defendant where the procedural requirements of service or the summons are not satisfied". *Schleehauf v. PCL Construction*, Case No. 3:20-CV-515-RJC-DCK, 2021 WL 4484574, *5 (W.D.N.C. Sept. 3, 2021) (dismissing complaint pursuant to Rules 12(b)(2) and 12(b)(4)-(6) where there was deficient process, service of process, and lack of personal jurisdiction) (citing *Blakeney v. Goulston Techs.*, 3:19-CV-688-GCM, 2020 WL 5821979, at *1 (W.D.N.C. Sept. 30, 2020)).

Here, as described in Defendants' brief in support of their motion to dismiss (DE 17), Plaintiff never obtained personal jurisdiction over Defendants. Plaintiff failed to complete service on the City (DE 17 pp. 6-7), and CATS is not a legal entity capable of being sued (DE 17 p. 7-8).

2

On January 5, 2024, this Court issued a text-only order requiring Plaintiff to "file a proof of service" with this Court. Plaintiff has not and cannot do so. Thus, this Court is presented with "a straightforward personal jurisdiction issue" requiring dismissal. *See Ruhrgas AG*, 526 U.S. at 588.

II. **The subject matter jurisdiction issue in this case is complicated, and abundant grounds exist for the Court to retain jurisdiction.**

In contrast to the straightforward question of personal jurisdiction, the issue of subject matter jurisdiction is complicated. Plaintiff expressly cited federal law in the first three iterations of his complaint. (*See* DE 1-1, hereinafter the "First Complaint"; Exhibit A, hereinafter the "Second Complaint"; and DE 1-2, hereinafter the "Third Complaint"). Although Plaintiff's Fourth Complaint eliminates allegations of violations of "age and race protection," "discrimination on the basis of age and race" and FMLA retaliation (DE 15), he has not articulated any North Carolina public policy that could replace those allegations. The one North Carolina statute he cites appears to be fictitious. (DE 15 p. 3) (alleging Defendants are "in violation of "N.C. Gen. Stat. SID-I et seq"). That purported statute does not exist. So there remains a gap in whether federal or state law applies.

Moreover, the Court retains the power to exercise supplemental jurisdiction over Plaintiff's claims. District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995) (reversing dismissal and remanding for appropriate exercise of discretion as to whether to retain jurisdiction over claims even after the dismissal of a claim caused the amount in controversy to be lower than the jurisdictional amount); *Cox v. Lowe's Home Centers*, LLC, No. 3:14-CV-679-MOC-DCK, 2015 WL 7288689, at *3 n. 1 (W.D.N.C. Nov. 17, 2015) (retaining jurisdiction over state law claims, and granting summary judgment, even after determining that federal law claims could not proceed).

3

In deciding whether to retain state law claims, the Fourth Circuit has stated that the court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d at 110. A district court may decline supplemental jurisdiction where: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c).

Courts routinely retain supplemental jurisdiction over state law claims where federal claims no longer exist or have been dismissed. *See, e.g.*, *Cox* 2015 WL 7288689, at *3 n. 1 (retaining supplemental jurisdiction over plaintiff's state law discrimination claim, despite dismissal of federal claim, because this Court was already familiar with the facts of the case, which arose from the exact same set of facts as the federal claim); *McClean v. Duke University*, No. 1:17-CV-603, 376 F. Supp. 3d at 596, 602 (M.D.N.C. March 25, 2019) (retaining supplemental jurisdiction over plaintiff's state law claims—including breach of contract and interference with civil rights—pursuant to 28 U.S.C. § 1367, despite dismissal of plaintiff's federal Title IX claim because the court was familiar with the factual nexus underlying plaintiff's claims); *Radchyshyn v. Allstate Indem. Co.*, No. 1:14-cv-00169-MR-DLH, 2015 WL 2062186, *1-*3 (W.D.N.C., May 4, 2015) (dismissing motion to remand and retaining jurisdiction in breach of contract action where it was not inconvenient for the parties to remain in federal court, the amount of time and energy spent in the federal forum was substantial, it was more efficient to retain jurisdiction considering the state court would have to familiarize itself with everything that had already occurred, and the breach of contract action was not a significant issue of state law).

**A.     Plaintiff's claims do not raise a novel or complex issue of state law.**

Plaintiff's Fourth Complaint re-alleges state law claims for wrongful termination and breach of contract—neither of which raise a novel or complex issue of state law. (DE 15 ¶¶ 38-44). Federal district courts commonly consider such claims. *See e.g., Johnson v. North Carolina*, 905 F. Supp.2d 712, 725-27 (W.D.N.C. 2012) (dismissing several claims, including claims for wrongful termination and breach of contract pursuant to 12(b)(6)); *Hospodor v. Burlington Industries*, Inc., 2001 WL 604193, *3-5 (M.D.N.C. 2001) (exercising supplemental jurisdiction and stating that federal courts routinely handle breach of contract and wrongful discharge claims in the employment context). Thus Plaintiff cannot articulate any basis to say his state law claims raise novel issues.

**B.     Plaintiff's claims do not substantially predominate over the claims for which the district court had original jurisdiction.**

A federal district court may decline exercising supplemental jurisdiction over state law claims where the state law claims "substantially predominate over the claim or claims over which [there was original jurisdiction.]" *Clemmons v. Guilford Tech. Cmty. Coll.*, No. 1:16-CV-482, 2016 WL 6078338, *4 (M.D.N.C. Oct. 17, 2016). To substantially predominate, "a state claim must be 'more complex, more time consuming to resolve, or in some way more significant than its federal counterpart,' which 'will normally be the case only when 'a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" *Id.* (quoting *Bagley v. Provident Bank*, No. Civ. WDQ-05-0184, 2005 WL 1115245, at *1 (D. Md. Apr. 26, 2005).

Here, Plaintiff fails to cite *any* valid state legal claim. Although Plaintiff argues that his "first and foremost" allegation is that he was wrongful discharged "in violation of public policy standard" (DE 18 ¶ 2), the only North Carolina statute he cites appears to be fictional. (DE 15 p. 3). He fails to identify any other public policy which Defendants have allegedly violated. Thus,

5

Plaintiff's unsupported state law claim for wrongful termination cannot be "more complex," more time consuming, or more significant than his now abandoned federal claims. *See Johnson v. North Carolina*, 905 F. Supp.2d 712, 725 (W.D.N.C. 2012) (dismissing plaintiff's wrongful termination claim, in relevant part, because the plaintiff "failed to identify a single state statute or constitutional provision that provides a legal remedy for her alleged wrongful discharge").

Further still, Plaintiff's state law claims "form part of the same case or controversy as the claims arising under federal law," which he has now discarded. *See Hall v. Bank of Am. Corp.*, No. 3:18-CV-108-RJC-DSC, 2019 WL 215617, at *4 (W.D.N.C. Jan. 16, 2019), *aff'd*, 765 F. App'x 33 (4th Cir. 2019) (retaining jurisdiction); *see also Clemmons* 2016 WL *6 (finding that a close interrelationship between the state and federal claims, including the relief requested, forecloses a finding that state claims predominate) (citing *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 711 (E.D.N.C. 2011) ("Because the state law claims essentially replicate the [federal] claims, the state law claims plainly do not predominate" (internal brackets and quotation marks omitted)).

Here, Plaintiff's current allegations of wrongful termination, breach of contract, and tortious interference with contract arise from the *same* facts forming the basis of his prior three complaints. While Plaintiff's Fourth Complaint has removed the phrases "age and race protection," "discrimination on the basis of his age and race," and a description of FMLA retaliation, *all iterations* of Plaintiff's four complaints allege stressful working conditions, an alleged hostile work environment, a retaliatory firing, a breach of an alleged contract, an alleged tortious interference with a contract, and unfair treatment arising out of the Defendants' alleged unlawful employment practices. (DE 1-1 pp. 1-4; DE 1-2 pp. 1-4; DE 15; Exhibit A). Thus, "the substance and basis of [plaintiff's federal] claims and [his] state law claims . . . are virtually indistinguishable." *Romero*,

6

796 F. Supp. at 711. Moreover, Plaintiff's Fourth Complaint seeks the exact same relief as that of all prior iterations of his complaint. (DE 1-1, p.4; DE 15, p. 4).

While Plaintiff argues that his Fourth Complaint deprives the Court of federal question jurisdiction because it alleges only a violation of state law public policy (DE 18 ¶¶ 1-2), that is not the test. Rather, this Court has stated:

> "Supplemental jurisdiction centers on the same nucleus of operative facts—**not law**—undergirding both federal and state-law claims. In other words, it is immaterial how different the elements forming the respective state and federal causes of action are. Rather, all that matters for determining whether supplemental jurisdiction exists is if a plaintiff alleges the *same core set of facts* to support the respective state and federal-law claims. If this is the case, then a federal court may properly exercise supplemental jurisdiction over the state-law claims, which might not contain "essential federal ingredients" but do revolve around the same set of facts as the claims invoking original jurisdiction."

*Hall,* 2019 WL 215617 at *4 (denying motion to remand brought in Title VII discrimination, harassment, retaliation, and breach of contract suit, where "it would be a waste of judicial resources, as well as the [resources of the] parties", to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims where the plaintiff's state-law claims centered around the same set of facts supporting their federal-law claims).

Because the facts and requests for relief in Plaintiff's Fourth Complaint are virtually indistinguishable from his prior three iterations, his current claims do not substantially predominate.

C.   **This Court has not dismissed any claims for which it had original jurisdiction.**

The Court has not dismissed any federal claims in this action. Rather Plaintiff is trying to disguise them. Thus Plaintiff cannot satisfy this prong.

D.   **This Court does not have compelling reasons for declining jurisdiction.**

Finally, there are no compelling reasons to decline jurisdiction.

First, this Court is already familiar with the factual nexus underlying Plaintiff's claims. Moreover, Plaintiff has already had almost a year since filing this lawsuit on May 2, 2023, to serve the Defendants, cure his pleading deficiencies, and articulate a valid claim for relief for his three remaining claims. But Plaintiff has failed to do any of these things.

Second, remanding this case back to state court would be futile considering Plaintiff's lawsuit would *still* be subject to dismissal for yet a fifth time under Rule 12(b)(2) and 12(b)(4)-(6). After almost an entire year, Plaintiff still has failed to properly serve the Defendants, to identify a statute as grounds for his wrongful termination claim, or to allege the elements of his contract claims. Thus, a remand is not in the interest of judicial economy.

Just as in *Hall,* 2019 WL 215617 at *4, a remand would be "a waste" of judicial and the parties' financial resources—requiring the parties to start over after nearly a year's worth of litigation. For all the reasons discussed above, it would not cure the deficiencies in this case.

Finally, the Defendants cannot adequately prepare a defense to what Plaintiff has articulated is his predominate claim of wrongful termination; proceeding through a lawsuit in state court for Plaintiff's wrongful termination claim, without knowing which underlying statute Defendants allegedly violated, would severely prejudice the Defendants in that Defendants would be unable to properly prepare a defense.

## CONCLUSION

The Court should deny Plaintiff's motion to remand and dismiss the litigation for lack of personal jurisdiction. In the alternative, the Court should retain supplemental jurisdiction and consider Defendants' motion to dismiss on the merits.

Respectfully submitted this 5th day of April 2024.

**OFFICE OF THE CITY ATTORNEY**

/s/Tamara A. Okoli

8

Case 3:23-cv-00328-RJC-SCR   Document 19   Filed 04/05/24   Page 8 of 10

Tamara A. Okoli (N.C. Bar No. 44668)
tamara.okoli@charlottenc.gov
Ryan G. Rich (N.C. Bar No. 37015)
ryan.rich@charlottenc.gov
600 East 4th Street
Charlotte, North Carolina 28202
Telephone: 704-572-3611

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND** was electronically filed with the Clerk of Clerk using the CM/ECF system, which will deliver a copy to all registered counsel.

This the 5th day of April 2024           ,

**OFFICE OF THE CITY ATTORNEY**

/s/Tamara A. Okoli
Tamara A. Okoli (N.C. Bar No. 44668)