# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No: 3:23-cv-328 RJC-SCR

| | |
|---|---|
| TERRY CREECH,<br><br>*Plaintiff,*<br><br>v.<br><br>CHARLOTTE AREA TRANSIT SYSTEM, CITY OF CHARLOTTE,<br><br>*Defendants* . | **MEMORANDUM IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT BY LEAVE OF COURT** |

Defendants motion to dismiss should be denied. Defendants claim that Plaintiff has not established a claim for Wrongful Termination in Violation of Public Policy is inaccurate. Defendants claim that Plaintiff has not alleged the existence of a contract would require expansive interpretation of North Carolina State Law (state law) in favor of Defendants. Defendants claim that this court lacks Personal Jurisdiction is premature. Defendants claims for dismissal for lack of service should be denied.

**Procedure, Service and Jurisdiction:**

Defendants have properly articulated that Plaintiff's action was removed before service in State court was fully perfected. Under state law, Plaintiff would have more time to complete service. Once Defendant's gave notice of removal, state law no longer had jurisdiction over this matter nor did state law rules of service apply. Defendants should not be allowed to claim dismissal for lack of service while it is still unclear which court will assume or resume jurisdiction in this action. Ordinarily, under 28 U.S.C. § 1448 Plaintiff would be allowed to complete service in Federal Court. However, the issue of whether to remand remains open for this Court. What Defendants are requesting is premature.

**Underlying State Law:**

For purposes of stating a claim under state law Rule 12(B)(6), wrongful termination in violation of public policy Defendants have contended Plaintiff cannot articulate a law, that Defendants behavior, as alleged would have violated. Plaintiff's Wrongful termination in violation of public policy is rooted in state law. The North Carolina Legislature has articulated a series of "Sunshine Laws" to protect public trust. Of these aptly titled laws is North Carolina General Statute Chapter 132 Section 3 (N.C.G.S.A. § 132-3), which criminalizes "altering of public records" This law is clear and would require state law interpretation for this action. Defendants further contend that under state law, Plaintiff has not alleged the existence of an employee contract. Plaintiff has alleged that he was employed by Defendants. Defendants contend that because of North Carolina's "at-will employment doctrine" no existing contract can be implied in an employer-employee relationship. Plaintiff argues to the court, that the "at-will" standard referenced by Defendants would only allow parties to terminate their existing contract at-will, and does not belie the existence of a contract. Further, Plaintiff argues that no "at-will" protection is extended to any act of termination of an employer-employee relationship that is illegal. Despite Defendant's claims, North Carolina does appear to criminalize altering public records. Plaintiff's counsel reviewed the department of justice's website to confirm. According to its website in (https://ncdoj.gov/public-protection/open-government/) Attorney General Josh Stein assures North Carolina's commitment to open Government.

Considering Defendants have based much of their argument on the presumption that no such statute exist, Plaintiff prays the Court dismiss their motion.

Under 28 U.S.C. S 1448 Plaintiffs may complete service by serving defendants with a Federal complaint, However, as this moment in this action, the issue of whether to remand remains in dispute. The Court's denial of Plaintiff's initial motion to remand was only done without prejudice and a second Motion to Remand by Plaintiff has been made to the Court.

Plaintiff contends that judicial economy would not be served if the question of Defendants Personal Jurisdiction pertaining to this matter were answered prior to the question of the Court's. The argument that Plaintiff is incapable of serving or completing service should fail, a complaint, whether State or Federal, can be served upon Defendants. While the issue of remanding is outstanding, Plaintiff is simply unclear as to which complaint to serve. As such, Defendant's motion to dismiss should be denied.

Respectfully Submitted on April 8th 2024

Jonathan H. Metcalf Esq.

Attorney for Plaintiff

NC State Bar: 45482

5309 Monroe Rd Suite 112

Charlotte NC 28205

metcalflawschedule@gmail.com