# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:23-cv-00328-GCM-SCR

| | | |
|---|---|---|
| TERRY CREECH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHARLOTTE AREA TRANSIT | ) | |
| SYSTEM, INC. and CITY OF | ) | |
| CHARLOTTE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 16); Plaintiff's Second Motion to Remand, (Doc. No. 18); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 22), recommending that this Court grant Defendants' Motion to Dismiss, dismiss this matter without prejudice, and deny as moot Plaintiff's Motion to Remand; and other documents of record. The parties have not filed objections to the M&R and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

## II.    STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* §

636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Objections to the M&R were due by December 4, 2024. (Doc. No. 22). On December 5, 2024, the Magistrate Judge entered the following Text-Only Order:

> It appearing to the Court that Plaintiffs counsel Jonathan Metcalf has been disbarred by the North Carolina State Bar, see NC State Bar v. Jonathan Metcalf, 24 DHC 9, Order of Disbarment, he is ORDERED to file a Motion to Withdraw from this matter. In that filing Mr. Metcalf shall include all of Plaintiffs contact information and certify that he has sent a copy of this Order and of the Courts November 20, 2025 Memorandum and Recommendation (Doc. No. 22) to Plaintiff. In light of this development, the time for Plaintiff to file an Objection to the Memorandum and Recommendation is extended through January 6, 2025. The Clerk is respectfully directed to mail a copy of this Order to Mr. Metcalf. So Ordered.

This first Text-Only Order was mailed by the Clerk's office to Mr. Metcalf at his address of record but was returned as undeliverable on December 17, 2024. (Doc. No. 23).

On December 23, 2024, having not received a response from Mr. Metcalf or any objections, the Magistrate Judge issued a second Text-Only Order:

> It appearing to the Court that Plaintiffs counsel Jonathan Metcalf has been disbarred by the North Carolina State Bar, see NC State Bar v. Jonathan Metcalf, 24 DHC 9, Order of Disbarment, and that attempts to contact him at his record address have failed, the Court enters the following Order: The Court ORDERS Mr. Metcalf to file a Certificate of Service stating the pro se Plaintiffs contact information and certifying that he has sent a copy of this Order, of the Courts 12/5/2024 Text-Only Order and of the Courts November 20, 2025 Memorandum and Recommendation (Doc. No. 22) to Plaintiff. In light of those developments, the time for Plaintiff to file an Objection to the Memorandum and Recommendation is extended through January 31, 2025. The Clerk is respectfully directed to mail a copy of this Order and the other Orders referenced above to Mr. Metcalf at 834 Dudley Street, Charlotte, NC 28205. So Ordered.

That same day, this second Text-Only Order was mailed to Mr. Metcalf at an address that the Magistrate Judge's chambers staff obtained from the North Carolina State Bar. This mailing was not returned, and neither Mr. Metcalf nor the Plaintiff responded to it.

The Magistrate Judge's staff informed the Court that on February 7, 2025, still not having received any response from Mr. Metcalf or Plaintiff, the Magistrate Judge's staff called a telephone number for a "T Creech," also obtained from the State Bar. The call was answered by voicemail. The outgoing message was a male voice and identified the speaker as "Terry." The staff member left a voicemail, but the call has yet to be returned.

Accordingly, no objection to the M&R having been filed, and the time for doing so, including two extensions, having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record, and having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV.    **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 22), is **ADOPTED**;

2. Defendants' Motion to Dismiss, (Doc. No. 16), is **GRANTED** pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and this matter is **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff's Second Motion to Remand, (Doc. No. 18) is **DENIED AS MOOT**.

Signed: March 7, 2025

Graham C. Mullen
United States District Judge